(Lorain County Common Pleas.)
December 1899.

## GEORGE EMERY v. THE CITY OF ELYRIA.

---

(1.) Clause 5 of sec. 1692 R. S., which authorizes cities and villages "to regulate ale, beer and porter houses and shops", is in force at the present time, for if it could be said that the Dow law as originally passed in 1886, repealed clause 5 of sec. 1692 R. S., then in force, by implication, such state of facts does not exist at present; because for the purpose of amending sec. 1692 in certain other particulars, said section has been changed and re-enacted since the Dow law was passed, and clause 5 of said section has been re-

enacted in the same language that it contained at the time the Dow law was passed.

(2.) An ordinance prohibiting the keeping open within the corporation "any house, shop, room, or other place where ale, porter or beer is habitually sold or furnished to be drank, or keep open in any manner any place of notorious or habitual resort for tippling or intemperance,"passed under clause 5, of sec. 1692 R. S., need not except drug stores from its operation. Such an ordinance has no application to drug stores and does not infringe upon any rights granted by the legislature under sec. 11 of the Dow law.

(3.) If it is not necessary to except drug stores in such an ordinance, then it is not necessary to except drug stores from the affidavit charging an offense under such ordinance.

(4.) Ordinances may be passed by cities and villages providing for the punishment of the same act which is made criminal by the statutes of Ohio, and offenders may be punished in both jurisdictions for the same act

NYE, J.

This action comes into this court on error from the docket of the mayor of the city of Elyria.

The plaintiff in eror, the defendant below, was arrested for keeping his place of business open on Sunday, under an ordinane which prohibits the keeping of a place open on Sunday where intoxicating liquors are sold to be drank, on other days of the week.

On the trial of the case, the plaintiff below, the city of Elyria, offered the evidence, and the defendant below omitted to offer any evidence on the trial, and submitted the case on the evidence offered by the plaintiff below.

The defendant was found guilty and sentenced to pay a fine and costs. And the case is brought here on a petition in error, which sets forth all the evidence offered upon the trial.

There are several questions alleged and claimed as error upon the hearing of the case in this court, and I will only pass upon those questions which have been submitted to me, and upon which error is alleged in argument.

Section 6, of the ordinance under which the affidavit in this case was drawn, provides that "Whoever on the first day of the week commonly called Sunday, shall keep open in any manner whatever within the limits of this village, any house, shop, room, or other place where ale, porter or beer is habitually solu or furnished to be drank, or keep open in any manner ,any place of notorious or habitual resort for tippling or intemperance, shall be fined not more than fifty dollars".

It is claimed by the city that this ordinance was passed under the authority of section 1692 of the Revised Statutes of Ohio, which provides that "in addition to the powers specifically granted in this title, and subject to the exceptions and limitations in other parts of it, cities and villages shall have the general powers enumerated in this section, and the council may provide by ordinance for the exercise and enforcement of the same."

Clause 5.—"To regulate ale, beer and porter houses and shops".

It is claimed upon the hearing of this case that this clause of this section was repealed by implication by sections 4364-20, Revised Statutes, of Ohio, which is section 11 of the Dow law.

That section provides, "That the sale of intoxicating liquors, whether distilled, malt or vinous, on the first day of the week, commonly called Sunday, except by a regular druggist on the written prescription of a regular practicing physician for medical purposes only, is hereby declared to be unlawful, and all places where such intoxicating liquors on other days are sold, or exposed for sale, except regular drug stores, shall on that day be closed."

Further on in the same section, "and any municipal corporation shall have full power to regulate, restrain and prohibit ale, beer and porter houses and other places where intoxicating liquors are sold at retail for any purpose or in any quantity other than is provided for in section eight".

It is also claimed that because the ordinance under which the affidavit in this case was drawn does not except drug stores, that it is therefore invalid, as going beyond what is authorized by section 11, of the Dow law, just quoted.

It will be observed that there are two objections made to this ordinance. The first is because it cannot stand under section 1632, clause five, for the reason that said clause five was repealed by implication by section 11, of the Dow law.

I am aware that there are instances in which one statute is repealed by another by implication; but an examination of the dates at which these two statutes under consideration were passed convinces me that there was no repeal by implication.

The Dow law was passed in 1886, and the last amendment to section 11, was passed in 1888. If it could be said that the Dow law passed in 1886, repealed clause five of section 1692, at the time said Dow law was passed, it would hardly be consistent to say that such state of facts exists at the present time; because for the purpose of amending section 1692, in certain other particulars said section has been changed and re-enacted since the Dow law was passed, and said clause five of said section has been re-enacted in the same language that it contained at the time the Dow law was passed.

This amendment was made on April 11th, 1899, (87 v. 166.) So that the legislative intent has been called to this section 1692, since section 11, of the Dow law was passed, and since any amendment to that section has been made.

I conclude that if the legislature intended to repeal clause five of section 1692, when it passed the Dow law, the attention of the legislature has been since called to this subject, and it has re-affirmed its former enactment, and restored clause five of section 1692, and that that clause is now in full force.

But I hold that clause five of section 1692, as it now stands in the statute was not repealed

by implication by section 11, of the Dow law, nor by any other portion of the Dow law, nor was there any intention on the part of the legislature to repeal the fifth clause of section 1692.

I now come to the next question as to whether it is necessary under cluse five of section 1692, to except drug stores from the operation of an ordinance under that clause of the statute.

Clause five of said section provides that the council may "regulate ale, beer and porter houses and shops". Now, in my opinion this has no reference whatever to drug stores.

The ordinance in question prohibits the "keeping open of any house, shop, room or other place, where ale, porter or beer is habitually sold or furnished to be drank, or keeping open in any manner any place or notorious or habitual resort for tippling or intemperance".

I am of the opinion that by no fair interpretation of the ordinance can it have any application to a drug store, and when the ordinance prohibits the keeping open of that kind of a place on the first day of the week, commonly called Sunday, it does not infringe upon any rights granted by the legislature under section 11, of the Dow law.

It will be observed that this ordinance does not aim or attempt to aim at places where intoxicating liquors are sold on prescription; but only aims to close places on Sunday where intoxicating liquors are sold to be drank, and that it has no reference to a drug store where intoxicating liquors are sold "upon prescription or for exclusively known mechanical, pharmaceutical or sacramental purposes".

And in considering this subject it will be observed that the last portion of section 4364-20 which is section 11, of the Dow law, provides "That any municipal corporation shall have full power to regulate, restrain and prohibit ale, beer and porter houses and other places where intoxicating liquors are sold at retail for any purpose or in any quantity other than is provided for in section eight of this act".

Section eight of this act is section 4364-20 of the Revised Statutes.

Now, turning to this last named section, we find that it provides that the phrase 'Trafficking in intoxicating liquors' as used in this act, means the buying or procuring and selling of intoxicating liquors otherwise than upon prescription issued in good faith by reputable physicians in active practice, or for exclusively known mechanical, pharmaceutical or sacramental purposes."

In these two sections, so far as they pertain to the right of a city or village to prohibit and regulate ale, beer and porter houses there is no exception made in either to drug stores, hence, I conclude that when a place becomes an ale, beer and porter house, it becomes a place for trafficking in intoxicating liquors under the provisions of the two sections last quoted from, and the law pertaining to a drug store has no application to it.

When section eight of the Dow law ( section 4364-16) provides "That the phrase trafficating in intoxicating liquors as used in

this act means the buying and procuring of intoxicating liquors otherwise than upon prescriptions, etc.," the "otherwise" must have reference to the sale or furnishing of intoxicating liquors to be drank where sold in tippling places and in every other manner except those named in this statute, and would necessarily exclude a drug store from its operation.

I therefore come to the conclusion that when clause five of section 1692 and section 4364-20 of the Revised Statutes. provides "that cities and villages may regulate ale, beer and porter houses", the legislature intended to give cities and villages power to close up on Sunday, places where ale, beer and porter are sold by the drink on other days of the week, and that drug stores are not included in the list named, and therefore it is not necessary to except them.

I am further of the opinion that there is no inconsistency or repugnancy between the two sections.

Another question that is made in this case is, that the affidavit filed in the case is insufficient because it does not allege that the defendant's place of business was not a drug store.

The affidavit says that Geo. Emery "did knowingly and unlawfully keep open on the 17th day of September, A. D. 1899, being the first day of the week commonly called Sunday, a certain place where beer was then and there and theretofore habitually sold and furnished to be drank."

Now, what I have said with reference to an ordinance passed under the sections of the statutes to which I have referred and from which I have quoted, will apply equally to the affidavit under which the defendant below was arrested.

If it was not necessary to except drug stores in the ordinance, then I am of the opinion that it necessarily follows it is not necessary to except drug stores from the affidavit charging an offense under the ordinance, for the reasons which I have already given.

Another question which has been made by counsel for plaintiff in error in this case is, that a city cannot provide by ordinance for the punishment of the same offense that is made criminal by a statute of the state.

Learned counsel have cited several authorities supporting the doctrine thus maintained.

The practice in this county and so far as I know in this part of the state has, ever since my recollection, been the other way.

Ordinances have been passed by cities and villages providing for the punishment of the same act which is made criminal by the statutes of Ohio, and it has not been unusual to punish offenders in both jurisdictions for the same act.

This principle was questioned, however, in a case that went up from the probate court of Summit county, and the supreme court in the case of Koch v. State, 53 Ohio St., 433, decided that "A former conviction before a mayor for the violation of an ordinance is not a bar to the prosecution of an information charging the same act as a violation of a statute".

Hence I conclude that the ordinance in ques-

tion is not repugnant to the statutes of Ohio; for the reason claimed by the counsel for the plaintiff in error, and that the decision of the supreme court just quoted settles the question so far as Ohio is concerned.

Another question made in this case was, that the testimony did not show that the plaintiff in error kept open a place on Sunday, where intoxicating liquors were sold to be drank on other days of the week.

Upon this question I will simply say, that I think there is evidence supporting that proposition, and inasmuch as there was no evidence offered to rebut it on the part of the plaintiff in error, I would not feel justified in reversing the case on that proposition.

I believe these are all the questions that were raised by counsel for the plaintiff in error upon the hearing in this court, and I am of the opinion that there is no eror in any of the questions argued and submitted to me. The judgment of the mayor will therefore be affirmed.